1   DANILO T. AGUILAR
    Attorney at Law
2   First Floor, San Jose Court Building
    Cor. Ghiyeghi St. & Wischira Way, San Jose
3   P.O. Box 505301
    Saipan, MP 96950
4   TELEPHONE: (670) 234-8801
    FAX: (670) 234-1251
5
    Guam Address:
6   c/o BRONZE & TANG
    Suite 107-C, J & G Commercial & Professional Center
7   138 East Marine Corps Drive
    Hagatña, Guam 96910
8   Telephone: (671) 477-2392
9   Facsimile:  (671) 477-2394

10  Attorney for WELLS FARGO FINANCIAL GUAM, INC.

11                    UNITED STATES DISTRICT COURT
12                    FOR THE DISTRICT OF GUAM
13
    UNITED STATES OF AMERICA,            CIVIL CASE NO. 07-00006
14
                 Plaintiff,
15
             v.
16
    UNIT H-310 APUSENTO GARDEN,
17  DESCRIBED AS LOT 3381-9NEW-
    NEW H310,
18                                       **STIPULATED MOTION
    UNIT B-207 APUSENTO GARDEN,          PERMITTING SALE OF
19  DESCRIBED AS LOT 3381-9NEW-               PROPERTIES**
    NEW H310,
20
    UNIT 307 VILLA PUNTAN ISA,
21  DESCRIBED AS LOT 5370-3-1
22  LOT NO. 2-2, TRACT NO. 2022,
    MUNICIPALITY OF ASAN/PITI,
23  GUAM,
    and
24
    LOT NO. 19-1, TRACT NO. 292,
25  MUNICIPALITY OF YIGO, GUAM
26                   Defendants.
27
28

ORIGINAL

COMES NOW Wells Fargo Financial Guam, Inc. (hereinafter "Wells Fargo"), by and through counsel Danilo T. Aguilar, and United States of America (hereinafter "USA"), represented by Assistant U.S. Attorney Karon Johnson, hereby stipulate to request the court for an order permitting the sale of properties against defendants, with the following terms and conditions:

a. Wells Fargo will proceed with its foreclosure process and seek to sell the mortgaged properties of Romy and Aniceta Miclat, pursuant to its private power of sale, at public sale to be advertised in a newspaper of general circulation on Guam;

b. All the real property subject to the foreclosure sale shall be appraised by a licensed appraiser on Guam to provide a baseline market value for the real property;

c. Wells Fargo will be permitted to sell any of the real property or take a credit bid on the real property at a value of no less than 70% of the appraised value as determined by the appraiser;

d. Wells Fargo can only sell the parcels of real property that would sufficiently cover the amount of the debt owed, attorney's fees, and other costs incurred related to the foreclosure as provided under the mortgage agreement;

e. Any excess amounts realized from the sale will be deposited to the Registry of the District Court of Guam under the forfeiture action. The term "excess amounts" shall mean any remaining proceeds from the sale of the real property after deducting the amount of the debt owed under the mortgage and promissory note, attorney's fees incurred, and costs incurred in the sale of the property to include, but not limited to fees for preliminary title reports, recording fees, advertising, appraiser and/or surveyor fees, etc.;

f. Upon completion of the sale of the properties, Wells Fargo will be permitted to issue a deed of sale to the winning bidders of the property upon receipt of payment;

g. Once the deed of sale is issued, the Wells Fargo will notify the U.S. Attorney's Office of the completion of the sale and request for issuance of a release of the "Lis

2

Pendens" filed with the Guam Department of Land Management for those parcels of real property successfully sold at the public sale. The U.S. Attorney's Office will have the responsibility of recording the Release of "Lis Pendens";

h.   Wells Fargo shall submit an accounting to the District Court within 10 days from completion of the public sale of any of the properties.

i.   Upon approval of the accounting, Wells Fargo will move to dismiss its claim in the forfeiture action and release its lien on any remaining real properties that were not sold during the foreclosure.

On or about October 26, 2007, the proposed sale of properties of the defendants was discussed by the counsel for Wells Fargo, Danilo T. Aguilar with Assistant U.S. Attorney Karon Johnson. After considering the proposed sale and some discussion, the sale of the properties of the defendants was agreed upon by both counsel.

Based upon the evaluation of both Wells Fargo and the United States of America; the proposed sale, the sale of the properties of the defendants should be approved with the terms and conditions set forth above. A proposed order approving the sale is submitted with this request.

SO STIPULATED.

KARON JOHNSON, ESQ.
Assistant U.S. Attorney
United States of America

Date: _____11/29/07_____

DANILO T. AGUILAR, ESQ.
Attorney for Applicant-Intervenor
Wells Fargo Financial Guam, Inc.

Date: _____11/29/07_____

3