Miclat.MTW

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortes
Hagåtña, Guam 96910
PHONE: (671) 472—7332
FAX:   (671) 472—7334

Attorneys for the United States of America

**FILED**
DISTRICT COURT OF GUAM

MAR 1 2 2008 R.D.

JEANNE G. QUINATA
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> UNIT H-310 APUSENTO GARDEN, ) <br> DESCRIBED AS LOT 3381-9NEW-NEW- ) <br> H310, ) <br> ) <br> UNIT B207 APUSENTO GARDEN, ) <br> DESCRIBED AS LOT 3381-9NEW-NEW- ) <br> B207, and ) <br> ) <br> APPROXIMATELY $6,240.65 IN ) <br> UNITED STATES CURRENCY, ) <br> ) <br> Defendants. ) | CIVIL CASE NO. 07-00006 <br><br> **MOTION FOR WRIT OF ENTRY** |

Now comes plaintiff, the United States of America, by and through its attorneys, Leonardo M. Rapadas, United States Attorney for the District of Guam, and Karon V. Johnson, Assistant United States Attorney, and MOVES THIS Honorable Court for the issuance of a Writ of Entry, as authorized by 18 U.S.C. §§ 983(j) and 985(b)(1), for the purpose of conducting an appraisal of the two defendant real properties pursuant to 19 U.S.C. § 1606. As alleged in the

-1-

Amended Verified Complaint for Forfeiture in Rem, which was filed in this District on March 12, 2008, the defendant properties are subject to forfeiture for violation of federal laws.

The Civil Asset Forfeiture Reform Act of 2000, Pub. L. No. 106-185, 114 Stat. 202 ("CAFRA") enacted a new provision, codified at 18 U.S.C. § 985, regarding forfeitures of real property. That statute provides that forfeitures of real property are initiated by filing a complaint, posting notice on the property and serving the property owner with a copy of the complaint. No other action needs to be taken to give the court jurisdiction over the property. Title 18, U.S.C. § 985(c)(3). Subsection 985(b)(2) explicitly allows for a writ of entry to executed "for the purpose of conducting an inspection and inventory of the property" and further provides that execution of such a writ of entry "shall not be considered a seizure." See also 19 U.S.C. § 1606, which provides that "The appropriate customs officer shall determine the domestic value, at the time and place of appraisement, of any vessel, vehicle, aircraft, merchandise, or baggage seized under the customs laws." (Incorporated by 18 U.S.C. § 981(d)).

The need to inspect the premises is especially important where the property is only constructively seized, as is the case here. This inspection should, among other things, enable the United States to appraise the condition and value of the property, and permit the United States to take an inventory of the property, including the use of still and video photography of the premises. Moreover, as provided in 18 U.S.C. § 983(j)(1), the court has broad discretion to enter protective orders and to "take any other action" in order to "secure, maintain or preserve the availability of property subject to civil forfeiture." Without such an inspection at the outset of the case, it would be difficult to "secure, maintain or preserve the availability of property" that is subject to forfeiture because there would not be an accurate record documenting the condition of the property.

Finally, the provisions of 18 U.S.C. § 2232(b), also enacted as part of CAFRA, make it a crime for anyone to take any action that would impair the Court's in rem jurisdiction over property that is subject to forfeiture. Thus, the writ of entry should also provide that any

-2-

Case 1:07-cv-00006    Document 19    Filed 03/12/2008    Page 2 of 3

interference with its execution shall be deemed a violation of a Court order, punishable as a contempt, as a violation of 18 U.S.C. § 2232.

## CONCLUSION

For all the above reasons, the United States requests that the Court issue a writ of entry to permit the inspection of the above named defendant real properties.

Respectfully submitted this 12th day of March, 2008.

LEONARDO M. RAPADAS<br>
United States Attorney<br>
Districts of Guam and NMI

By: *[signature]*
KARON V. JOHNSON
Assistant U.S. Attorney